UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Carylon Cooper, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 07-340S |
| | : | |
| Head Start Board of Directors, Inc. | : | |
| | : | |
| Defendant. | : | |

**ANSWER OF HEADSTART BOARD OF DIRECTORS, INC.**

Defendant, Headstart Board of Directors, Inc. ("Headstart" or "Defendant") by its attorneys Nixon Peabody LLP, for its answer to the Complaint of Carylon Cooper ("Plaintiff") answers as follows:

**INTRODUCTORY STATEMENT**

The allegations in the Introductory Statement state Plaintiff's description of her purported cause of action and therefore no responsive pleading is required. To the extent that a responsive pleading is required, such allegations are denied.

**JURISDICTION AND VENUE**

1. The allegations in Paragraph 1 state conclusions of law to which no responsive pleading is required. Defendant neither admits nor denies that the court has jurisdiction under the facts and circumstances of Plaintiff's specific claims.

2. The allegations in Paragraph 2 state conclusions of law to which no responsive pleading is required. Defendant neither admits nor denies that the court has jurisdiction under the facts and circumstances of Plaintiff's specific state law claims.

3. The allegations in Paragraph 3 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 3.

4. Defendant admits it received a copy of a charge filed by Plaintiff with the Rhode Island Commission for Human Rights and the Equal Employment Opportunity Commission alleging age and disability discrimination, dated December 4, 2006.

5. The allegations in Paragraph 5 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.

**THE PARTIES**

6. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Defendant admits that it is a Rhode Island domestic non-profit corporation, the purpose of which is to provide comprehensive child development services and to offer social and educational services to children's families. Defendant's principal place of business is located at 20 Almy Street, Providence, RI 02900, otherwise Defendant denies the allegations in Paragraph 7.

8. The allegations in Paragraph 8 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant admits that it has employed at least thirty (30) employees in the State of Rhode Island during the past thirty-eight years, otherwise Defendant denies the allegations in Paragraph 8.

9. The allegations in Paragraph 9 state conclusions of law to which no responsive pleading is required.

10. The allegations in Paragraph 10 state conclusions of law to which no responsive pleading is required.

11. The allegations in Paragraph 11 state conclusions of law to which no responsive pleading is required.

12. The allegations in Paragraph 12 state conclusions of law to which no responsive pleading is required.

13. To the extent the allegations in Paragraph 13 state conclusions of law, no responsive pleading is required, otherwise Defendant denies the allegations.

**FACTS APPLICABLE TO EACH COUNT**

14. Defendant admits the allegations contained in Paragraph 14.

15. Defendant admits the allegations contained in Paragraph 15.

16. Defendant admits that it terminated Plaintiff's employment as Eligibility Retirement Selection Enrollment and Attendance ("ERSEA") clerk on October 20, 2006.

17. Defendant admits that on or about July 31, 2006 the Head Start Grievance Committee voted to eliminate Plaintiff's position as Administrative Assistant to the Executive Director, and Plaintiff was offered and accepted the position of ERSEA clerk, with a $5.00 hourly reduction in salary.

18. Defendant denies the allegations contained in Paragraph 18. Defendant answers further that the former Executive Director resigned from her employment effective August 18, 2006.

19. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19.

20. The allegations in Paragraph 20 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Defendant admits the allegations contained in Paragraph 21.

22. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Defendant admits that it sent a letter, via certified mail, return receipt requested, on October 20, 2006 to Plaintiff terminating her employment, and that it received confirmation from the United States Postal Service that Plaintiff received the letter on October 24, 2006.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

**COUNT I**
**RHODE ISLAND CIVIL RIGHTS ACT OF 1990**
**R.I.G.L. SECTION 42-112-1**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**UNLAWFUL TEMRINATION (SIC)**

29. Defendant repeats and incorporates by reference its response to Paragraphs 1 through 28 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

**COUNT II**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. § 621 ET SEQ.**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**UNLAWFUL TERMINATION**

34. Defendant repeats and incorporates by reference its response to Paragraphs 1 through 28 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

**COUNT III**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. Section 28-5-1 et seq.**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**UNLAWFUL TERMINATION**

44. Defendant repeats and incorporates by reference its response to Paragraphs 1 through 28 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

47. Defendant denies the allegations contained in Paragraph 47.

48. Defendant denies the allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

**COUNT IV**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 USC SEC.12117**
**Discriminatory Terms and Conditions of Employment**
**Retaliation**
**Unlawful Termination**

53. Defendant repeats and incorporates by reference its response to Paragraphs 1 through 28 of the Complaint.

54. To the extent the allegations in Paragraph 54 state conclusions of law, no responsive pleading is required, otherwise Defendant denies the allegations.

55. To the extent the allegations in Paragraph 55 state conclusions of law, no responsive pleading is required, otherwise Defendant denies the allegations.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence.

### THIRD DEFENSE

Plaintiff's own conduct was the proximate cause of any damages she sustained.

**FOURTH DEFENSE**

Defendant's conduct was in good faith, justified, privileged and taken for legitimate business reasons.

**FIFTH DEFENSE**

Defendant maintained policies against discrimination and harassment. Plaintiff unreasonably failed to utilize the Complaint procedure in the policy or to otherwise prevent the harm about which she now complains in this lawsuit.

**SIXTH DEFENSE**

Plaintiff has failed to exhaust her administrative remedies.

**SEVENTH DEFENSE**

Plaintiff is not a qualified individual with a disability within the meaning of the relevant statutes.

**EIGHTH DEFENSE**

Plaintiff's Complaint is barred in whole or in part, by the applicable statutes of limitations.

**NINTH DEFENSE**

Plaintiff has failed to mitigate her damages.

WHEREFORE, Defendant respectfully requests that the Court:

1. Dismiss the Complaint against it with prejudice;

2. Enter judgment in its favor against Plaintiff on all counts;

3. Award Defendant its costs and reasonable attorney's fees incurred in defending this action; and

4. Award Defendant such other and further relief as the court may deem just and appropriate.

HEAD START BOARD OF DIRECTORS, INC.

By its attorneys,

/s/ Stacie Boeniger Collier

Stacie Boeniger Collier RI Bar #6059
Jillian Folger-Hartwell RI Bar #6970
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (facsimile)
scollier@nixonpeabody.com
jfolgerhartwell@nixonpeabody.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of November, 2007, an exact copy of the Answer was electronically filed with the Electronic Case Filing system of the United Stated District Court for the District of Rhode Island. Notice of this filing will be sent via e-mail to Stephen T. Fanning, Esq., stephenfanning@msn.com.

/s/ Stacie Boeniger Collier