**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CARYLON COOPER,**
**Plaintiff**

**v.** **C.A. NO. 07- 340 S**

**HEAD START BOARD OF DIRECTORS, INC.**
**Defendant**

**RULE 16 STATEMENT**

## I. INTRODUCTORY STATEMENT

The action was commenced by Carylon Cooper [hereinafter "Plaintiff" or "Cooper") against Head Start Board of Directors, Inc. (hereinafter "Defendant" or "Employer") in order to remedy or seek relief for the Defendant's alleged unlawful and discriminatory employment practices, in violation of The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., in addition to other federal state and common law claims.

## II. FACTS APPLICABLE TO EACH COUNT

Cooper was born on March 20, 1948, and was approximately 58 years of age at the time of the incidents cited in this Complaint. Cooper worked for the Defendant for approximately 25 years. Cooper was terminated on October 20, 2006, at which time she held the position of Eligibility, Retirement, Selection, Enrollment, and Attendance (ERSEA) clerk. On or about August 14, 2006, Cooper was demoted to the position of ERSEA from her position of Administrative Assistant to the Executive Director, and at the same time, suffered from a decrease in pay of approximately $5.00/hour. Upon

information and belief, in or about 2006, the Executive Director was compelled to resign, at approximately 75 years of age.

At the time of her termination, Cooper was suffering from various medical conditions, including anxiety, depression, chest pains, hypertension, and other symptoms, which affected various of her major life activities. At all times she could perform the essential functions of her job, with or without reasonable accommodation(s). On October 20, 2006, Cooper submitted a doctor's note to her Employer, stating that she was being excused from work due to illness, with a follow-up appointment scheduled for November 3, 2006. During this period, Cooper was also suffering from the exacerbation of a work-related injury, involving a fall, and an injury that was subsequently diagnosed as a hernia. On or about October 24, 2006, Cooper received a letter from the Employer, dated October 20, 2006, stating that she was terminated. Cooper alleges in her Complaint that that the Employer's conduct was motivated by a discriminatory intent based on Cooper's age and disability status, and their perception of Cooper as being disabled.

## III. TRIAL ISSUES

No unusual trial issues are anticipated. This case presents straightforward factual disputes relative to whether the proffered reason provided to Plaintiff for her termination was merely a pre-text for the Defendant's discriminatory animus based on age and/or disability. The elements of Plaintiff's proof under the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq. (RICRA) and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq., (ADEA) are essentially the same. See gen. Ward vs. Pawtucket Police Dept., 639 A.2d 1379 (R.I.); Iacampo vs. Hasbro, Inc. 929 F. Supp. 562 (D.R.I. 1996.)

## IV. Case Processing Matters

To date, the Parties have had limited discussion of settlement of Plaintiff's claims due to the fact that Plaintiff had a pending Workers' Compensation claim related to the medical issues cited in her Complaint. The Plaintiff's Workers' Compensation claim has recently been resolved but no resolution relative to the instant matter was accomplished. The Plaintiff is open to participating in the Court's alternative dispute resolution program.

---

Respectfully Submitted,
Carylon Cooper,
By Her Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

Certfication

I hereby certify that a true copy of the above was served counsel for the Defendant Stacie Collier, Esq. by electronic transmission at sbcollier@nixonpeabody.com on this 22nd day of November, 2007.

/s/ Stephen T. Fanning

---