# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARYLON COOPER,<br>Plaintiff<br><br>v.<br><br>HEAD START BOARD OF DIRECTORS, INC.<br>Defendant | CIVIL ACTION NO. 07-340S |

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, Defendant, Head Start Board of Directors, Inc. ("Defendant"), requests that Plaintiff, Carylon Cooper ("Cooper" or "Plaintiff"), produce for inspection and copying the documents hereinafter named at the offices of Nixon Peabody LLP, One Citizens Plaza, Providence, RI 02903, within thirty (30) days of service.

**INSTRUCTIONS**

1. If any objection is made to any request contained herein, for each item or category objected to:

(a) State the specific ground for each objection;

(b) Identify each document by giving its date, the name of each stated author (and the actual author, if different), the name of each addressee (and each recipient, if different) and by giving any other information necessary to identify the document or party thereof; and

(c) Provide a description of the subject matter of each document or item.

2. If there are no documents in existence that are requested in a particular paragraph of this request, your response must so indicate.

3. The document requests contained herein are continuing and, should you obtain other information or documents which would add to or change the documents produced by you, you are directed to produce such additional or different documents to the undersigned attorneys for the Defendant immediately upon your discovery or receipt of such documents.

## DEFINITIONS

1. "Cooper" shall mean Plaintiff, Carylon Cooper, her agents, attorneys and all other persons or entities acting on her behalf.

2. "Defendant" shall mean Defendant Head Start Board of Directors, Inc. and its agents, employees, officers, directors, subsidiaries and affiliates.

3. "Head Start" shall mean Defendant Head Start Board of Directors, Inc.

4. "Cooper Complaint" or "Complaint" shall mean the Complaint filed by Cooper in United State District Court, Civil Action No. 07-340S.

5. "Document" shall be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and includes tangible things which constitute or contain matters within the scope of the rules and documents stored electronically. A draft or non-identical copy is a separate document within the meaning of this term.

## REQUESTS

### REQUEST NO. 1

All documents concerning Cooper's allegations that Defendant discriminated against her on the basis of age, disability and/or perceived disability.

**REQUEST NO. 2**

All documents concerning Cooper's allegations that Defendant's discriminatory conduct unlawfully deprived her of her status, benefits, privileges, and other terms and conditions of her employment relationship to which she was entitled.

**REQUEST NO. 3**

All documents concerning Cooper's allegations that Defendant subjected Cooper to humiliating discriminatory and unlawful treatment on the basis of age and disability.

**REQUEST NO. 4**

All documents concerning Cooper's allegations that Defendant intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law.

**REQUEST NO. 5**

All documents concerning any other allegation in the Complaint.

**REQUEST NO. 6**

All documents given to Cooper by her employer during her employment and retained by her.

**REQUEST NO. 7**

All documents concerning any complaints (formal or informal), filed by Cooper or on her behalf regarding her allegations that she was discriminated against by Defendant.

**REQUEST NO. 8**

All documents concerning Cooper's job responsibilities, job assignments, payment (including, but not limited to bonuses, commissions or other incentives), and other terms and conditions of her employment with Defendant, including, without limitation, all notes, e-mails, memoranda, expense reports, diaries, journals, calendars, logs, records, tape recordings, and

other documents and materials that contain Cooper's records or notes or descriptions or thoughts concerning her pay, work assignments, promotions, discipline, supervision, relationship to, or conversations with, her superiors and any other aspects of her employment.

**REQUEST NO. 9**

All documents concerning or comprising any diaries or journals kept by Cooper from January of 1982 to the present.

**REQUEST NO. 10**

All documents concerning Cooper's work performance while working for Defendant, including without limitation, all evaluations, self-evaluations, merit reviews, salary reviews, promotions, transfers, ratings and letters of commendation or criticism she received during her employment.

**REQUEST NO. 11**

All documents constituting or concerning statements obtained from any person(s) related to Cooper's claims against Defendant.

**REQUEST NO. 12**

All documents concerning Cooper's allegations that Defendant's actions have caused her to suffer damages, including, but not limited to, compensatory damages.

**REQUEST NO. 13**

All other documents Cooper believes support her allegations against Defendant.

**REQUEST NO. 14**

All documents concerning any claims, whether formal or informal, brought by Cooper against any of her employers or their employees or agents, whether before any local, state, or federal agency or in any court.

**REQUEST NO. 15**

All documents concerning Cooper's work experience, education and training, including but not limited to, any diplomas, degrees, certificates, Cooper's resume as it appeared in 1982, October of 2006, and her present resume.

**REQUEST NO. 16**

All documents and records concerning Cooper's application for, and/or receipt of, unemployment compensation, temporary disability insurance, workers' compensation, social security insurance benefits, or benefits under any policy of insurance.

**REQUEST NO. 17**

All documents concerning any and all efforts or communications by Cooper, or on behalf of Cooper, to obtain employment, training or education, engage in any commercial business activity, including any form of self-employment, or to otherwise mitigate damages since 2006, including, without limitation, all employment applications, resumes and correspondence with prospective employers, referral sources, or job placement services.

**REQUEST NO. 18**

All documents concerning Cooper's earnings and income from January 1, 2006 to the present, including, without limitation, her federal and state tax returns, W-2 forms, 1099 forms and pay stubs.

**REQUEST NO. 19**

All documents concerning Cooper's alleged damages, including, without limitation, front pay, back pay, compensatory damages, punitive damages, attorneys' fees, costs and interest, and any other alleged pecuniary and non-pecuniary damages which Cooper claims she suffered as a result of the conduct of the Defendant.

**REQUEST NO. 20**

All documents concerning Cooper's physical, mental and/or emotional health since January 1, 1997, including, without limitation, all evaluations, analysis, therapy, treatment, reports, correspondence, medical records and bills from or by anyone, including, without limitation, medical doctors, psychiatrists, psychologists, counselors, therapists, social workers and/or mental health professionals.

**REQUEST NO. 21**

All documents concerning the testimony of Cooper's expert witnesses at trial, including, without limitation:

(a) documents and/or records that such expert witness has studied, considered or reviewed or will study, consider or review in relation to his or her testimony;

(b) studies conducted by the expert witness in connection with this case;

(c) expert reports submitted in connection with this case;

(d) preliminary documents generated by the expert witness based upon any expert study conducted by him or her but not included in the expert report;

(e) the resume of each such expert witness; and

(f) all transcripts or other records of all testimony which such expert has provided, whether at trial, hearing or deposition.

Defendant,

HEAD START BOARD OF
DIRECTORS, INC.

By its attorneys,

Stacie Boeniger Collier (#3758)
Jillian Folger-Hartwell (#6970)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
401 454-1000
401-454-1030 (FAX)
sbcollier@nixonpeabody.com
jfolgerhartwell@nixonpeabody.com

Dated: December 12, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a true and accurate copy of the within Defendant Head Start Board of Directors, Inc.'s First Request for Production of Documents to Stephen T. Fanning, Esq., Law Office of Stephen T. Fanning, 305 South Main Street, Providence, RI 02903, this 12th day of December, 2007.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARYLON COOPER,<br>Plaintiff<br><br>v.<br><br>HEAD START BOARD OF DIRECTORS, INC.<br>Defendant | CIVIL ACTION NO. 07-340S |

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Fed. R. Civ. P. 33, Defendant, Head Start Board of Directors, Inc. ("Defendant"), propounds the following Interrogatories to Plaintiff, Carylon Cooper ("Cooper" or "Plaintiff"), to be answered under oath within thirty (30) days of the date of service hereof.

**INSTRUCTIONS**

1. The Interrogatories which follow are to be considered continuing and you are requested to provide by way of supplementary answers thereto such additional information or documents as you or any persons acting on your behalf may hereafter obtain which may augment, clarify or otherwise modify the answers now given to these Interrogatories. Such supplementary responses are to be served upon Defendant twenty (20) days after receiving such information or documents.

2. Please identify each person or document providing information used in answering these Interrogatories and list after each such identification the number and subpart of the Interrogatories for which the information was provided.

3. If you claim any form of privilege or exemption from disclosure as a ground for withholding any information sought by these Interrogatories (including without limitation

any refusal to identify a document or a communication), state the basis upon which the claim of privilege or exemption is based and describe as much of the subject matter of the information or document with sufficient particularity to permit adjudication of your claim of privilege or exemption.

## DEFINITIONS

1. "Cooper" shall mean Plaintiff, Carylon Cooper, her agents, attorneys and all other persons or entities acting on her behalf.

2. "Defendant" shall mean Head Start Board of Directors, Inc. and its agents, employees, officers, directors, subsidiaries and affiliates.

3. "Head Start" shall mean Defendant Head Start Board of Directors, Inc..

4. "Cooper Complaint" or "Complaint" shall mean the Complaint filed by Cooper in United States District Court, Civil Action No. 07-340S.

5. The following definitions apply to all discovery requests:

(a) *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b) *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

(c) *Identify (With Respect to Persons).* When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only

the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(d) *Identify (With Respect to Documents).* When referring to documents, "to identify" means to give, to the extent known, the

(1) type of document;

(2) general subject matter;

(3) date of the document; and

(4) author(s), addressee(s), and recipient(s).

(e) *Parties.* The terms "Plaintiff" and "Defendant(s)" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

(f) *Person.* The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

(g) *Concerning.* The term "concerning" means referring to, describing, evidencing, or constituting.

(h) *And/or.* The terms "and" or "or" shall where the context permits be construed as "and/or" so as to be inclusive rather than exclusive.

(i) *Identify (with respect to a communication).* The term "identify" when used in connection with a communication means to state its date, the place at which the communication occurred and the medium used to make it, to identify the persons who participated in the communication or were present when it was made and to state in as much detail as possible the full and complete content of the communication with appropriate attribution to each participant.

(j) *Identify (with respect to an event).* The term "identify" when used in connection with an action or event means to state its date, the place at which the action or event took place, to identify the persons who participated in the action or event or were present when it occurred and to state in as much detail as possible a full and complete description of the action or event with appropriate attribution to each participant.

(k) *State the Basis.* When an Interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

(1) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the Interrogatory;

(2) identify each and every communication which forms any part of the course of the party's information regarding the alleged facts or legal conclusions referred to by the Interrogatory;

(3) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the Interrogatory; and

(4) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the Interrogatory.

**INTERROGATORY NO. 1**

State your name, address, date of birth, place of birth, marital status, social security number, name of spouse, name(s) of children and dates of birth for each.

**INTERROGATORY NO. 2**

Please list all residences, other than the one listed above, which you have had during the past ten (10) years, giving the complete address and dates of residence at each such address.

**INTERROGATORY NO. 3**

Please identify with specificity sufficient to support a request for production of documents, all documents that you referred to or relied upon, in answering these Interrogatories.

**INTERROGATORY NO. 4**

If in the past ten (10) years you have ever been convicted of any crime (misdemeanor or felony) under the laws of the State of Rhode Island or any other state, or under the laws of the Federal Jurisdiction, with respect to each such conviction, state:

(a) The crime or misdemeanor of which you were convicted (including traffic violations);

(b) The date of your conviction or convictions;

(c) The court in which you were convicted; and

(d) The fine or penalty imposed.

**INTERROGATORY NO. 5**

State whether you have consulted, engaged or otherwise obtained the assistance of any expert with respect to any of the issues raised in your Complaint against Defendant and, if so, as to each such expert, state:

(a) His or her name, home address, business address and occupation;

(b) His or her educational background, including schools, colleges, universities attended, and, as to each, the certificate or degree thereof;

(c) The field of his or her expertise and a description of the license or licenses with respect thereto, including the period of his or her license and the name of the issuing officer or agency;

(d) The name and address of each professional society or organization to which he or she is a member;

(e) The subject matter upon which he or she is expected to testify, conclusions to which the person is expected to testify, and a summary of the grounds for each opinion; and

(f) A description and date of each written report prepared by him or her to include the name and address of the person having present custody or control of each such report.

**INTERROGATORY NO. 6**

Identify all experts who have been retained by you in anticipation of litigation or preparation for trial who are not expected to be called as witnesses at trial and for each:

(a) state the date such expert was retained by you; and

(b) describe the expert's field of expertise.

**INTERROGATORY NO. 7**

State whether you have made any efforts to seek new employment or to enter into any business or consulting relationship with any person or entity from October, 2006 to the present. If so, state:

(a) the name and address of each potential employer, person, or entity, to which you made application, including the date of each such application and the position for which application was made;

(b) the name and address of any employment agency, career counselor or other employment recruiter with whom you have contact, including, in addition, the date such contact was made and the nature of the contact;

(c) describe in complete detail any other efforts you made, which are not identified in response to the preceding subparagraph of this interrogatory, to obtain employment or to enter into any business or consulting relationship; and

(d) identify each and every document reflecting or relating to your efforts to seek new employment, or to enter into any business or consulting relationship.

**INTERROGATORY NO. 8**

Identify each and every physician, psychiatrist, psychologist, social worker or other health care provider that you have visited, consulted or received treatment from relative to any physical or emotional condition you allege Defendant caused. For each physician or other health care provider identified, state his or her address, occupation, area of specialization, if any; any medical institutions with which the person is presently associated or affiliated; any medical institutions with which the person was associated or affiliated while treating you; the date you first consulted that person or entity; the condition for which treatment was sought; the diagnosis that was rendered; the nature of the treatment rendered; the cost of treatment and whether you are presently receiving treatment or consultation from such person or entity.

**INTERROGATORY NO. 9**

Identify each and every physician, psychiatrist, psychologist, social worker or other health care provider or facility that you have visited, consulted or received treatment from in the past ten (10) years. For each physician or other health care provider identified, state his or her address, occupation, area of specialization, if any; any medical institutions with which the person is presently associates or affiliated; any medical institutions with which the person was associated or affiliated while treating you; the date you first consulted that person or entity; the condition for which treatment was sought, the diagnosis that was rendered; the nature of the treatment rendered; and whether you are presently receiving treatment or consultation from such person or entity.

**INTERROGATORY NO. 10**

Describe in detail the nature and the extent of the claimed emotional injury you allege you have sustained as a result of the conduct and incident(s) alleged in your Complaint against Defendant and, which injuries, if any, are claimed to be permanent in nature.

**INTERROGATORY NO. 11**

State whether you have ever applied for unemployment compensation benefits, workers' compensation benefits, disability benefits, social security, supplemental security income, or benefits under any policy of insurance. If the answer is in the affirmative, identify the agency(ies) or company(ies) to whom such application was made; state the date of the application; the disposition of the application; the amount of the benefit or settlement paid, if any; and identify each and every document related to any such application and the disposition thereof.

**INTERROGATORY NO. 12**

Identify any and all damages including, without limitation, front pay, back pay, liquidated damages, compensatory damages, penalties, attorneys' fees, costs and interest, and/or any other pecuniary or non-pecuniary damages, which you claim to have suffered as a result of the conduct of Defendant, including without limitation:

(a) the date(s) on which the alleged damages were incurred;

(b) the subject matter of the alleged damages;

(c) the amount and method of calculation of the alleged damages; and

(d) the nature of the items constituting the alleged damages.

**INTERROGATORY NO. 13**

Identify each person known to you, your attorney or anyone acting on your behalf to have any knowledge of any of the facts at issue in this case. With respect to all such individuals, identify the facts concerning which you believe he or she has knowledge.

Defendant,

HEAD START BOARD OF DIRECTORS, INC.

By its attorneys,

Stacie Boeniger Collier (#3758)
Jillian Folger-Hartwell (#6970)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
401 454-1000
401-454-1030 (FAX)
sbcollier@nixonpeabody.com
jfolgerhartwell@nixonpeabody.com

Dated: December 12, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a true and accurate copy of the within Defendant Head Start Board of Directors, Inc.'s First Set of Interrogatories to Plaintiff to Stephen T. Fanning, Esq., Law Office of Stephen T. Fanning, 305 South Main Street, Providence, RI 02903, this 12th day of December, 2007.